JANE STILLWATER, Pro Se
2817 Milvia Street
Berkeley, CA 94703
Telephone: (510) 843-0581
E-mail: jpstillwater@yahoo.com

**FILED**

FEB 25 2025

CLERK, U.S. DISTRICT COURT
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

Jane Stillwater,

        Plaintiff,

vs.

United States of America,

        Defendant.

Case No.:

**CV-25-1995**

**COMPLAINT FOR DAMAGES**

Date:

Time:

Dept:

DMR

1. **Jurisdiction:**

    a. This court has jurisdiction over this complaint because it arises under the laws of the United States and the Federal Tort Claims Act (FTCA). See *FDIC v. Craft* (9th Cir. 1998) 157 F.3d 697, 706; *Kennedy v. United States Postal Service* (9th Cir. 1998) 145 F.3d 1077, 1078; 28 U.S.C. §2679(a). "The United States is the only proper defendant in an FTCA action."

COMPLAINT FOR DAMAGES

1

b. For this reason, the United States, not the United States Postal Service (USPS), is the proper defendant in an FTCA case (*Kennedy*, 145 F.3d at 1078).

c. Plaintiff Jane Stillwater (Plaintiff) also filed a Form 95 that is required by the FTCA before a federal lawsuit can proceed. (See Exhibit 1: Letter from USPS's General Law Unit, regarding Plaintiff's requirement to file Form 95)

d. Plaintiff's petition was denied, thus qualifying the United States District Court as the correct jurisdiction. (See Exhibit 2: Letter denying Form 95)

e. Defendant United States of America (Defendant) is also obligated by Article I, Section 8, Clause 7 of the United States Constitution to provide mail services.

**2. Venue:** Venue is appropriate in this court pursuant to 28 U.S.C § 1391 because a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

**3. Intradistrict Assignment:** This lawsuit should be assigned to the Oakland Division of this Court because a substantial part of the acts and omissions which give rise to this lawsuit occurred in Alameda County.

**4. Parties:**

a. Plaintiff, at all times herein mentioned, was a U.S. citizen, a resident of Berkeley, California, was on a fixed income, was partially disabled and was 81 years old.

b. Defendant is at all times herein mentioned, is the proper defendant in this action due its supervisory capacity over the USPS, an agency of the executive branch

COMPLAINT FOR DAMAGES

2

of the United States federal government providing postal service in the United States, its insular areas and its associated states.

1. An 11-member Board of Governors is appointed by the President of the United States as the governing body of the USPS, with the advice and consent of the Senate.

2.. The Postal Regulatory Commission, a federal government body under auspices and control of Defendant, is responsible for oversight of the U.S. Postal Service, including overseeing rates and services, and assuring that the Postal Service meets all of its legal requirements.

**6. Statement of facts:**

a. On or about August 20, 2024, upon information and belief, USPS, operating as an agent of Defendant, owned, maintained and controlled a postal delivery system that was authorized and required to deliver Plaintiff's mail to her address at 2817 Milvia Street, Berkeley, CA 94703.

b. For six days a week during the last 14-year period before August 20, 2024, USPS had provided mail service to Plaintiff's address at 2817 Milvia Street, Berkeley, CA 94703.

c. On or about August 20, 2023, USPS stopped delivering mail to Plaintiff.

d. On September 9, 2023, when Plaintiff complained that her mail service had been disrupted, USPS informed Plaintiff that it no longer delivered mail to Plaintiff.

COMPLAINT FOR DAMAGES

3

e. USPS's reason for refusing to deliver Plaintiff's mail was that the lock on her apartment block's mailbox was missing.

f. In September of 2023, USPS informed Plaintiff that USPS was responsible for replacing Plaintiff's missing mailbox lock.

g. In September of 2023, a USPS representative informed Plaintiff that USPS did not have a replacement lock and that even if it did, USPS only had one (1) technician to install *all* broken or missing locks within the entire area of Berkeley, Oakland, Vallejo, Richmond, Albany, El Cerrito, San Leandro, San Lorenzo and Hayward.

h. Plaintiff was further informed by USPS that Plaintiff would be required to pick up her mail at a Berkeley USPS sub-station located approximately three miles from her home.

i. Plaintiff then complained many  times to various mail carriers as well as several postal clerks and a supervisor at the USPS Berkeley sub-station regarding USPS's refusal to deliver Plaintiff's mail.

j. Four months passed and yet this issue remained unresolved.

k. In January of 2024, Plaintiff contacted USPS's Office of Inspector General in Washington DC in an effort to finally get Plaintiff's mail delivered.

l. On January 23, 2024, Plaintiff sent a letter to the USPS Consumer and Industry Contact Office, demanding USPS fix Plaintiff's mailbox lock.

COMPLAINT FOR DAMAGES

4

m.  In January of 2024, Plaintiff notified her Congressional Representative's office of her untenable situation and said office also notified the USPS of this problem.

n.  In January of 2024, Plaintiff notified a local television station of her dire situation.

o.  KTVU then telecast a news segment on her plight and, within hours of the segment's airing, the USPS finally committed to KTVU that USPS was intending to fix Plaintiff's mailbox.

p.  On approximately January 24, 2024, Plaintive received a phone call from USPS informing her that her new lock had finally been ordered and would be installed within seven days.

q.  Mail service to Plaintiff was finally resumed on February 8, 2024, **one hundred and fifty five days** after Plaintiff's mail service had been cut off.

r.  On February 5, 2024, Plaintiff filed a Summons and Complaint for Damages on USPS with the Alameda County Superior Court, followed by a Proof of Service, a Case Management Conference Statement and a Request for Entry of Default Judgment.

s.  Only after all of these documents had been served did Defendant officially respond to Plaintiff's Complaint, informing Plaintiff that she had used the wrong venue.

COMPLAINT FOR DAMAGES

5

t. On June 17, 2024, Superior Court judge Keith Fong issued an Order to Dismiss Plaintiff's case without prejudice due to matters of jurisdiction.

**7. Claims:**

a. As a proximate result of Defendant's entity, USPS, being unable or unwilling to replace her mailbox lock, Plaintiff was forced to waste many hours and endure much inconvenience and even suffer physical pain in her attempts to retrieve her mail and to get the mailbox lock replaced.

b. As a result of USPS's deliberate or unintentional carelessness, unprofessional conduct and lack of respect for USPS's obligations to Plaintiff, Plaintiff was inconvenienced, caused mental and physical pain and suffering, lost money and suffered general damages as well.

c. As a further proximate result of USPS's failure to keep its business commitments, Plaintiff was prevented from accessing her mailbox for 155 days.

d. It is difficult to determine whether or not Plaintiff may have also lost valuable items of mail in the prolonged shuffle between the Berkeley Post Office and Plaintiff as a result of Defendant's carelessness and failure to properly finance USPS operations as required by law.

e. Estimates of time wasted and hardships endured by Plaintiff as a result of Defendant's and USPS's negligence are as follows:

1. Plaintiff made approximately ten (10) trips to the Berkeley USPS sub-station in order to pick up her mail. Each trip was approximately 45 minutes long,

COMPLAINT FOR DAMAGES

6

for a total of approximately 450 minutes (7.5 hours), in addition to bus fare and/or money spent on vehicular transportation.

2. Plaintiff spent on the average of 30 minutes a day, at least four days a week, standing on the corner near her home, rain or shine, in order to try to intercept mail carriers in order to see if they might have mail for her.

3. Plaintiff suffers from damaged cartridge in both knees which makes it hard for her to stand for prolonged periods of time, especially in the rain.

e. Defendant is obligated by Article 1, Section 8, Clause 7 of the United States Constitution to provide mail services. Plaintiff therefore claims her fundamental Constitutional right to receive mail service, and that said right has been denied Plaintiff due to Defendant's incompetence.

1. Plaintiff's right to receive mail was first established by Article I, Section 8, Clause 7 of the United States Constitution.

2. Additional precedence was also set by the fact that Plaintiff has received mail in this self-same mailbox for the past 14 years and that said service has never been interrupted by Defendant's incompetence during that time.

3. Precedence was also set by Plaintiff's own father who was a postmaster for 40 years and, during all those years, never did her father's post office ever fail to deliver the mail, even during the great flood of 1952 when almost a third of his post office was under water.

COMPLAINT FOR DAMAGES

7

f.  For further examples with regard to Plaintiff's statements of claims, please see Exhibit 3 (Plaintiff's record of suffering and inconvenience) and  Exhibit 4 (Various official complaints made by Plaintiff).

**8.  Request for Relief:**

a.  Plaintiff claims the following damages and punitive damages due to time wasted, worry, inconvenience, physical pain suffered by Plaintiff due to Defendant's failure to fulfill its Constitutional duty to Plaintiff.

1.  For 155 days, Plaintiff was continually forced to go to painful extremes in order to pick up her mail until a local TV station featured her distress on its news program and Defendant finally actually fixed Plaintiff's mailbox lock several weeks after the news segment aired.

2.  Plaintiff spent approximately 40 hours in actively trying to obtain her mail.  At a rate of $25 per hour, that would come to approximately $600 in time wasted.

3.  Transportation costs:  $75.

4.  Time and money spent contacting her Congressional Representative, the Postmaster General, the local Superintend of Mails, Defendant's Inspector General and the local TV news station:  $500.

5.  Pain and suffering:  $1000.

6.  In addition, Plaintiff seeks punitive damages of $1000.

COMPLAINT FOR DAMAGES

8

7. On Approximately January 22, 2024, Plaintiff was informed by USPS that her mailbox lock had finally been *ordered* and that it would be installed within seven more days. Plaintiff's mailbox was not restored until February 8, 2024, causing Plaintiff much more pain and suffering.

8. Plaintiff also suffered from worry, financial distress, mental agitation and opportunities lost due to USPS's negligence, in the amount of $650.

9. Time and money spent by Plaintiff while filing a Complaint for Damages with Alameda County Superior Court as well as a Proof of Service, a Case Management Statement, a Request for Damages Against Defendant and a Request for Entry of Default.

A. Only after receiving Plaintiff's Request for Entry of Default was the court finally informed that Plaintiff needed to file a Form 95 before suing Defendant, not USPS, and that the proper jurisdiction was in Federal Court, thus wasting approximately 30 hours of Plaintiff's time as well as inconveniences suffered and expenses incurred by Plaintiff for a total amount of $1000 (See Exhibit 5: June 17, 2024 Order for Dismissal).

10. Plaintiff asks for additional relief from Defendant in the amount of $1000 in compensation for Plaintiff having suffered Defendant's intentional fraud, misuse of federal funds and failure to act as a proper steward of the interests of American citizens as follows:

COMPLAINT FOR DAMAGES

9

A.  Spending approximately seven trillion dollars in pursuit of myriad foreign military adventures that did not and do not benefit American citizens.

B.  Failing to provide relief to victims of the Los Angeles fires and the North Carolina hurricane while instead forcing Americans into trillions of dollars of debt in order to commit war crimes and genocide outside of America, war crimes that are not in America's best interests and that violate the American Constitution.

C.  Failing to deliver United States Postal Service excellence in order to prioritize the interests of weapons manufacturers, etc. at the cost of American citizens.

b.  Wherefore, Plaintiff is asking for $5,625 in relief as well as court costs and any further relief that the Court may deem proper.

**9. Demand for Jury Trial:**  No jury trial is requested.

**10. Plaintiff's Signature:**

Dated: February 14, 2025

By Jane Stillwater
Pro Se

COMPLAINT FOR DAMAGES

10

LAW DEPARTMENT
NATIONAL TORT CENTER


*UNITED STATES*
*POSTAL SERVICE*

**VIA CERTIFIED MAIL 9589 0710 5270 0568 9095 45**

<u>**RETURN RECEIPT REQUESTED**</u>

Monday, July 8, 2024

Ms. Jane Stillwater
2817 Milvia Street
Berkeley, CA 94703

Ms. Stillwater:

The Postal Service is in receipt of your inquiry regarding submitting a Standard Form 95: Claim for Damage, Injury, or Death with the United States Postal Service. Correspondence to the National Tort Center, under the Federal Tort Claims Act, must conform in all respects with Title 28 United States Code §1346, 2671-2680; Title 28 Code of Federal Regulations Part 14; and Title 39 Code of Federal Regulations Part 912 to be considered by this office.

If it is your intent to present an administrative tort claim with the United States Postal Service, as stated above, under the provisions of the Federal Tort Claims Act the claim must conform in all respects with Title 28 United States Code §1346, 2671-2680; Title 28 Code of Federal Regulations Part 14; and Title 39 Code of Federal Regulations Part 912. Accordingly, the claim should state, with specificity, sufficient facts to allow the government to investigate its liability, and a "**sum certain**" amount for injuries or losses alleged to have occurred by reason of the incident. Please note that "sum certain" is the term used to identify the amount of damages the claimant seeks to resolve the dispute. Further, it should be accompanied by supportive documentation, and exhibit an **original ink signature**. **Please be advised that neither the Department of Justice regulations nor Postal regulations provide for acceptance of electronically mailed tort claims.**

Typically, a Standard Form 95, Claim for Damage, Injury or Death, is used to convey this information. However, other written notification accompanied by a specific claim for money damages may be submitted in lieu of the Standard Form 95. A blank Standard Form 95 is enclosed for your review and convenience.

Should you decide to file a valid claim with the United States Postal Service, the claim should be submitted in accordance with the standards set forth in 39 CFR Part 912.4; the contact information for the Tort Claims and Collections Specialist is: <u>**Tajinder Ghera, Tort Claims and Collections Specialist, United States Postal Service, 3775 Industrial Blvd., Rm. 2089, West Sacramento, CA 95799-0044**</u>.

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO  63155-9948
TEL:  314/345-5820
FAX:  314/345-5893

EXHIBIT 1

- 2 -

Please note that an administrative claim must be presented in writing to the appropriate federal agency and received by the agency within two years from the time such claim accrues. Please see 28 U.S.C. §2401(b). Until a valid claim is received, the statute of limitations, as noted above, continues to run.

Should you have any further questions, please do not hesitate to contact me.

Sincerely,

Jeremy I. Smock
Paralegal Specialist
314-345-5868

Enclosures: Blank SF-95

CC:   Tajinder Ghera
      Tort Claim and Collections Specialist
      File No. 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

TORT CLAIMS
ACCOUNTING SERVICE CENTER


**UNITED STATES**
**POSTAL SERVICE**

**CERTIFIED NO:  7020 3160 0001 4754 5445**

<u>**RETURN RECEIPT REQUESTED**</u>

November 27, 2024

Jane Stillwater
2817 Milvia St
Berkeley CA 94703

RE:    Claimant:                    Jane Stillwater
       USPS File No:                TC2024 59702

Dear Sir/Ma'am

This is in reference to the administrative claim you filed under the provisions of the
Federal Tort Claims Act, as a result of damages sustained on or about
August 20, 2023.

We cannot consider your claim because it does not constitute a tort under the
Federal Tort Claims Act.  Therefore, your claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with
the Postal Service's final denial of an administrative claim, a claimant may file suit in
a United States District Court no later than six (6) months after the date the Postal
Service mails the notice of that final action.  Accordingly, any suit filed in regards to
this denial must be filed no later than six (6) months from the date of the mailing of
this letter, which is the date shown above.   Further, note the United States of
America is the only proper defendant in a civil action brought pursuant to the Federal
Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b),
prior to the commencement of suit and prior to the expiration of the six (6) month
period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or
legal representative, may file a written request for reconsideration with the postal
official who issued the final denial of the claim.  Upon the timely filing of a request for
reconsideration, the Postal Service shall have six (6) months from the date of filing in
which to make a disposition of the claim and the claimant's option under 28 U.S.C. §
2675(a) shall not accrue until six (6) months after the filing of the request for
reconsideration.

P O BOX 80471
ST LOUIS MO 63180-9471
FAX (314) 436-5073
PHONE (314) 340-2259

EXHIBIT  2

- 2 -

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*M. Favors*

M. Favors
Accounting & Control Specialist

cc:    TJ Ghera
       Tort Claims Coordinator
       Case No: 956-24-00631025A

# EXHIBIT 3:

## PLAINTIFF'S RECORD OF SUFFERING AND INCONVENIENCE

**September 9, 2023:**  My apartment block's mailbox lock broke on approximately August 20, 2023 and since that time all twelve residents here have had to go all the way down to the San Pablo Avenue branch of the Berkeley USPS in order to pick up our mail.  The lock has been broken for almost two months so far.

Numerous complaints to the USPS have been made with no results.  We have been told that the USPS has the new lock but only has one person qualified to install it and that person is the only one working on lock installation within an area between Vallejo and Hayward.

All twelve residents here are either disabled, elderly or work during the day so picking up our mail is hard if not impossible.  I know for a fact that all twelve residents here are rather pissed off.

**November 1, 2023:**  On Halloween, we had decorated the mailbox with stuffed animals and Mardi Gras beads, hoping that our mail carrier would get the message.

**December 4, 2023:**  I'm really getting weary of standing on corners for hours, waiting for my mail carrier so I could try to talk him into giving me my mail.  On Saturday he was either early or late but I kept going outside every half-hour from 2:00 pm until 6:30 pm before I finally gave up waiting for him.

COMPLAINT FOR DAMAGES

11

EXHIBIT 3

**January 10, 2024:** Spent yet another half-hour waiting on the corner for the mail carrier. My knees hurt from standing around so long -- but at least I'm getting a lot of reading done while I wait and wait and wait. This whole thing is getting ridiculous. The post office used to be a revered institution back when my father was a postmaster. Now it's just becoming unreliable, poorly managed and under-funded.

**February 1, 2024:** I can't believe that I've been participating in this mail-chasing marathon for over *five* months now. Me and the other residents here are now really really really pissed off.

In addition, who knows if I am actually receiving all my mail as it is being bounced around from place to place. I'm expecting W-2s to arrive so I can file my income tax and also a bunch of other stuff. How in the world am I supposed to know whether or not what kinds of mail are or are not being delivered? And I'm still standing out on the corner four days a week at the least. Today there was an "atmospheric river" on my corner. I got soaked to the bone from the waist down -- even with an umbrella.

COMPLAINT FOR DAMAGES

12

# EXHIBIT 4:

## VARIOUS OFFICIAL COMPLAINTS MADE BY PLAINTIFF

**January 18, 2024:**

Filed an online complaint with the USPS regarding my lack of mail delivery.  Here is USPS's reply:

*Thank you for contacting USPS®.  Please find your service request number below. You will receive a confirmation email soon.  Service Request Number: 59677437*

**January 19, 2024:**

Filed a five-page online complaint with the Office of the Inspector General, USPS.

"Thank you, your submission has been received."

Reply regarding my January 18 complaint: First Contact for Service Request # 59677437 [ref:!00Dj00GyYH.!500BY01oWXt:ref ]  We appreciate your patience while we investigate this matter.  Sincerely, La Shanda Hicks, General Clerk, 1675 7th St., Oakland, CA 94615

(510) 874-8770

**January 20, 2024:**  Stood out in the rain as usual, standing on the corner, waiting for the mail carrier in hopes that he might have brought my mail.

**January 22, 2024:**  Received the following communication from the USPS Office of the Inspector General:

COMPLAINT FOR DAMAGES

13

EXHIBIT 4

After careful review, we have determined the U.S. Postal Service Consumer and

Industry Contact Office is the proper office to handle your concern. We have forwarded

this inquiry to your local consumer affairs office for direct response to you.

Please direct all further inquiries to the office noted below. We have no further

information to provide now that your concern has been forwarded.

For further information, please contact:

USPS Consumer and Industry Contact Office

PO Box 7834 San Francisco, CA 94120-7834

(916) 373-8630 or (800) ASK-USPS (800-275-8777)

Thank you for contacting the Postal Service Office of Inspector General Hotline.

Sincerely,

The OIG Hotline Team **Submitted On** Friday, January 19, 2024, 09:54 am

**Submission ID:** 516235

**I am a?** USPS Customer

**Do you wish to remain anonymous?** No

**Do you want confidentiality?** No

**Are you willing to be interviewed?** Yes

**Full Name:** Jane Stillwater

**Street Address:** 2817 Milvia Street

**City:** Berkeley

**State:** CA

COMPLAINT FOR DAMAGES

14

**Zip Code:** 94703

**Primary Phone Number:** 5108430581

**Secondary Phone Number:** 5102605458

**E-mail Address:** jpstillwater@yahoo.com

**When did the misconduct occur?** 2023-08-20

**Who committed the alleged misconduct/wrongdoing?** USPS, Berkeley Post Office

**What are the facts?** My apartment block's mailbox lock broke on approximately August 20, 2023 and since that time all twelve residents have had to go all the way down to the San Pablo Avenue branch of the Berkeley USPS in order to pick up our mail. The lock has been broken for 134 days so far. Numerous complaints to the USPS have been made with no results. I have been told that the USPS has the new lock but only has one person qualified to install it and that person is the only one working on lock installation within an area between Vallejo and Hayward. All twelve residents are either disabled, elderly or work during the day, so picking up our mail is hard if not impossible.

**Where did the misconduct/wrongdoing occur?** 2817 Milvia Street, Berkeley, CA 94703

**How was the misconduct/wrongdoing committed?** I've received NO mail since August 20, 2023. The USPS is responsible for fixing my lock. It has not.

**Do you have first-hand knowledge of the misconduct/wrongdoing?** Yes. I am forced to pick up my mail at a Post office branch some distance from my home.

COMPLAINT FOR DAMAGES

15

**Where can we obtain additional information concerning the misconduct/wrongdoing?** Berkeley Post Office, myself.

**Who else might be aware of the misconduct/wrongdoing?** All 12 households in my apartment block; San Pablo Avenue USPS branch employees; my mail carriers.

**January 23, 2024:** I sent a letter to the USPS Consumer and Industry Contact Office, demanding USPS fix my mailbox lock and that USPS reimburse me for my inconvenience, pain and suffering.

**January 25, 2024:** Received an e-mail from my Congressional Representative's office:

Hello Ms. Jane Stillwater,

Thank you for speaking to me over the phone about your case.

As I mentioned over the phone, the U.S.P.S. responded to the inquiry we submitted on your behalf. The U.S.P.S. provided the following response:

The Berkeley Station A Post Office requested a new lock on January 22nd, 2024 and are currently waiting for the new lock to come in from the office of facilities. They also informed me that you can expect the lock to be fixed within the next week. Should you have any questions, you can contact Teresa Alexander, the Berkeley Station A Supervisor Customer Services, at (510) 644-1459.

There is no further action that our office can take regarding this matter. Thank you so much for reaching out to the Office of Congresswoman Barbara Lee. Please do not hesitate to reach out to our office if you require further assistance with a federal agency in the future.

COMPLAINT FOR DAMAGES

16

Best, Alison Trinh

**February 5, 2024:** My mailbox lock still isn't fixed -- even though I had received a phone call ten days ago, promising me that the lock would be fixed within seven days. And, yes, I am still hanging out on the corner in the rain, waiting to waylay my mail carrier in hopes of intercepting my mail.

COMPLAINT FOR DAMAGES

17

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Hayward Hall of Justice

| | |
|---|---|
| Jane Stillwater<br>          Plaintiff/Petitioner(s)<br>vs.<br>United States Postal Service<br>          Defendant/Respondent<br>(s) | No.    24CV062661<br><br>Date:  06/17/2024<br>Time:  9:58 AM<br>Dept:  517<br>Judge:  Keith Fong<br><br>ORDER for Dismissal |

A trial court has the inherent power to determine its own jurisdiction and may therefore sua sponte dismiss a claim where subject matter jurisdiction is lacking. (Benitez v. Williams (2013) 219 Cal.App.4th 270, 275.)

The Federal Tort Claims Act (FTCA) is the exclusive remedy for tortious acts or omissions of federal employees and federal agencies. (See FDIC v. Craft (9th Cir. 1998) 157 F.3d 697, 706; Kennedy v. United States Postal Service (9th Cir. 1998) 145 F.3d 1077, 1078; 28 U.S.C. § 2679(a). "The United States is the only proper defendant in an FTCA action." (Lance v. United States (1995) 70 F.3d 1093, 1095.) For that reason, the United States, not the Postal Service, is the proper defendant in an FTCA case. (Kennedy, 145 F.3d at 1078.)

In this case, Plaintiff is suing the U.S. Postal Service for failing to deliver her mail and for failing to replace her mailbox lock. The Postal Service is not a proper party; rather, Plaintiff must sue the United States. Moreover, to the extent that Plaintiff desires to pursue such a claim, she must bring her claim in federal court.

This action is dismissed in its entirety for lack of jurisdiction without prejudice to renewal in federal court. The Clerk shall administratively dispose the case.

The Court orders the Complaint filed by Jane Stillwater on 02/05/2024 dismissed without prejudice.

The following event(s) is/are advanced to this date and vacated:
06/20/2024 2:30 PM Initial Case Management Conference in Department 517

Dated :  06/17/2024

Keith Fong / Judge

ORDER for Dismissal

Page 1 of 2

EXHIBIT 5