United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE STILLWATER,
Plaintiff,

v.

UNITED STATES OF AMERICA,
Defendant.

Case No. 25-cv-01995-ASK

**ORDER RE MOTION TO DISMISS**

Re: Dkt. No. 40

Plaintiff Jane Stillwater initiated this action against the United States for failing to repair her mailbox lock and refusing to deliver her mail. Almost exactly a year later, the Supreme Court held in *United States Postal Service v. Konan* that the federal government cannot be sued for harms caused by mail that fails to arrive, regardless of the reason and regardless of where the mail goes instead. 607 U.S. 391, 401 (2026). In light of *Konan*, Ms. Stillwater's claims must be dismissed.

## I. BACKGROUND

At the motion to dismiss stage, the Court accepts Ms. Stillwater's well-pled facts as true. In August 2023, the United States Postal Service ("USPS") stopped delivering mail to Ms. Stillwater's Berkeley home, because her mailbox lock was broken. Dkt. 35 ("FAC") ¶¶ 16-17. Though USPS was responsible for replacing the lock, USPS failed to do so until February 2024. Dkt. 35 ¶¶ 18, 20, 28. In the interim, Ms. Stillwater had to pick up her mail at a USPS facility located approximately three miles from her home. Dkt. 35 ¶ 23. The alternative mail pickup location was not reasonably accessible for Ms. Stillwater due to her disability, which causes her to suffer from limited physical mobility and an inability to stand for prolonged periods without physical pain. Dkt. 35 ¶¶ 12, 19, 23. Having to retrieve her mail by alternative means during this six-month period caused Ms. Stillwater injuries including "physical pain, exacerbation of existing

United States District Court
Northern District of California

mobility impairments, emotional distress, inconvenience, and loss of access to essential communications." Dkt. 35 ¶¶ 41, 46, 48-49. She seeks monetary damages in the amount of $8,000. Dkt. 35 ¶¶ 50.

Ms. Stillwater alleges two claims: (1) negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2674, 1346(b), and (2) discrimination under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Dkt. 35 ¶¶ 37-48. The United States moves to Ms. Stillwater's FTCA claim for lack of subject matter jurisdiction based on the postal exception—a statutory carve-out to the FTCA's waiver of sovereign immunity codified at 28 U.S.C. § 2680(b). Dkt. 40 ("Motion") at 4-5. Although the United States asserted in its Motion that the discretionary function exception, 28 U.S.C. § 2680(a), also bars Ms. Stillwater's FTCA claim, the United States has since withdrawn this argument in a footnote of its Reply brief. Dkt. 40 at 7-9; Dkt. 43 at 2 n.1. Additionally, the United States moves to dismiss Ms. Stillwater's Rehabilitation Act claim on mootness grounds. Dkt. 40 at 9.

## II. LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal of a case is appropriate where the court lacks subject matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The federal government's "[s]overeign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "[T]he United States, as sovereign, is immune from suit, [unless] it consents to be sued." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (cleaned up). Waivers of sovereign immunity "must be unequivocally expressed in statutory text," *Lane v. Peña*, 518 U.S. 187, 192 (1996), and "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires," *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992) (cleaned up). Consequently, any suit brought against the United States, without a waiver of immunity or consent to be sued, must be dismissed for lack of subject matter jurisdiction. *See FDIC*, 510 U.S. at 475.

Waivers of sovereign immunity are not absolute or all encompassing. The FTCA is one such waiver with several carve-outs: the United States retains sovereign immunity and declines consent to be sued for any claim relating to the exceptions enumerated in 28 U.S.C. § 2680(a)-(n),

including the postal exception (*see* 28 U.S.C. § 2680(b)). Likewise, Section 504 of the Rehabilitation Act lacks "[t]he clarity of expression necessary to establish a waiver of the Government's sovereign immunity against monetary damages." *Lane*, 518 U.S. at 192.

The party asserting jurisdiction bears the burden of proving it exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). Ms. Stillwater cannot avoid the limits, defenses, and exclusions of the statutory waiver of sovereign immunity by artful pleading. *See United States v. Shearer*, 473 U.S. 52, 55 (1985).

## II. DISCUSSION

### A. Negligence Claim

Under the FTCA, plaintiffs may bring certain tort suits against the United States based on the conduct of its employees. *See* 28 U.S.C. §§ 2674, 1346(b). But, according to the FTCA's postal exception, courts lack subject matter jurisdiction to consider "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This postal exception applies to injuries "arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006).

In *United States Postal Service v. Konan*, the Supreme Court recently held that the postal exception also "covers suits against the United States for the *intentional* nondelivery of mail." 607 U.S. at 406 (emphasis added); *id.* at 401 ("A 'miscarriage of mail' includes failure of the mail to arrive at its intended destination, *regardless of the carrier's intent or where the mail goes instead*." (emphasis added)). In explaining its reasoning, the Supreme Court made clear that the term "miscarriage" is sufficiently broad such that the federal government's sovereign immunity extends to "lawsuits about failing to properly carry or deliver mail," that is, for "any failure of mail to arrive properly . . . regardless of why it happened" or "where the mail goes instead." *Id.* at 395, 399-401.

The injuries that Ms. Stillwater alleges in her negligence claim—such as "physical pain, loss of access to essential correspondence, and disruption of daily life" (Dkt. 35 ¶¶ 41)—all arise from the "failure of mail to arrive properly." *See Konan*, 607 U.S. at 399. The postal exception

therefore applies to her claim. *See* 28 U.S.C. § 2680(b). Accordingly, Ms. Stillwater's FTCA claim is **DIMISSED** with prejudice for lack of subject matter jurisdiction.

### A. Discrimination Claim

As to Ms. Stillwater's disability discrimination claim, Section 504 provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . under any program or activity conducted . . . by the United States Postal Service." 29 U.S.C. § 794(a). However, the United States retains "sovereign immunity against awards of monetary damages for violations" of this section. *Lane*, 518 U.S. at 192. "In deciding a mootness issue, the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief." *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001) (cleaned up). If a case becomes moot, we are required to dismiss it. *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997).

Here, injunctive relief—the only relief to which Ms. Stillwater would be entitled under the Rehabilitation Act—is moot because her mail service has been restored. Dkt. 35 ¶ 28. And, as discussed above, her damages claim is barred by sovereign immunity. Accordingly, Ms. Stillwater's disability discrimination claim is **DISMISSED** with prejudice as moot. *See Lane*, 518 U.S. at 192.

## IV. CONCLUSION

For the foregoing reasons, the United States's motion to dismiss is **GRANTED** without leave to amend. The Clerk of Court shall terminate the case.

**IT IS SO ORDERED.**

Dated: July 30, 2026

AJAY KRISHNAN
United States Magistrate Judge